Richard Allen CLEMENTS,
Petitioner—Appellant,

v.

Edward A. ALAMEIDA, Jr., Director,
California Department of Corrections, Respondent—Appellee.

No. 03–55562.

D.C. No. CV–02–01376–JM/LAB.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 8, 2004.

Decided Jan. 30, 2004.

Patrick Morgan Ford, Esq., Attorney at Law, San Diego, CA, for Petitioner–Appellant.

Attorney General, Randall D. Einhorn, Esq., Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Before FRIEDMAN,* TROTT, and RAWLINSON, Circuit Judges.

MEMORANDUM **

Richard Allen Clements ("Clements") appeals the district court's denial of his petition for writ of habeas corpus. Clements contends that California Vehicle Code § 2800.2 creates an unconstitutional mandatory presumption. The California Court of Appeal's decision was not contrary to clearly established Federal law, and thus we affirm. *See* 28 U.S.C. § 2254(d).

1. Mandatory Presumption

Jury instructions relieving the state of the burden of proving, beyond a reasonable doubt, every element of the charged offense violate a defendant's due process rights. *Carella v. California*, 491 U.S. 263, 265, 109 S.Ct. 2419, 105 L.Ed.2d 218 (1989) (citing *In re Winship*, 397 U.S. 358,

---

\* Hon. Daniel M. Friedman, Senior U.S. Circuit Judge for the Federal Circuit, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970); *Francis v. Franklin,* 471 U.S. 307, 309, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985); *see also Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979)). In accordance with California Vehicle Code § 2800.2(b), Clements' jury was instructed that "a willful or wanton disregard for the safety of persons or property includes, but is not limited to, driving while fleeing or attempting to elude a pursuing peace officer during which time either three or more ['point'] violations ... occur, or damage to property occurs." Cal. Veh.Code § 2800.2(b) (2003). In the face of the claim that this statute amounts to an unlawful presumption, the California Court of Appeal determined that "[s]ubdivision (b) of [Vehicle Code § 2800.2] does not make commission of three or more traffic 'point' violations an element of the offense; rather, it provides that commission of three traffic 'point' violations is one method of proving the pursued vehicle was driven with a willful and wanton disregard for the safety of persons or property." The court also cited to *People v. Sewell,* for the proposition that subdivision (b) does not interfere with the jury's directive to evaluate the key elements of the crime, but rather it "merely described a couple of nonexclusive acts that constitute driving with willful or wanton disregard for the safety of persons or property." *People v. Sewell,* 80 Cal.App.4th 690, 695, 95 Cal.Rptr.2d 600 (2000).

As the Court explained in *Carella,* the threshold question with respect to a presumption is whether it is mandatory. *Carella,* 491 U.S. at 265, 109 S.Ct. 2419. A presumption is mandatory if "reasonable jurors [are] require[d] ... to find the presumed fact if the State proves certain predicate facts." *Id.* (citation omitted). In this case, there is no indication that the jurors were required to presume willful and wanton disregard for others if the State proved that Clements incurred three or more 'point' violations while fleeing from the police. Subsection (b) is merely a definition or description of what qualifies as willful and wanton conduct, rather than a mandate that the jury presume malice given a set of predicate facts. *See People v. Pinkston,* 112 Cal.App.4th 387, 392–93, 5 Cal.Rptr.3d 274 (2003). The jury instructions, therefore, did not create a mandatory presumption, and thus the California Court of Appeal's decision was not contrary to clearly established Federal law.

AFFIRMED.

