**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Francisco CAMPOS–FUERTE, Defendant–Appellant.**

**No. 03–10055.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 10, 2003.

Filed Feb. 4, 2004.

---

**958**

---

W. Scott Quinlan, Fresno, CA, for the appellant.

David L. Gappa, Assistant United States Attorney, Fresno, CA, for the appellee.

Before HUG, JR., B. FLETCHER, and TASHIMA, Circuit Judges.

## OPINION

HUG, JR., Circuit Judge:

This case requires us to decide whether a conviction under California Vehicle Code § 2800.2 is a crime of violence as defined by 18 U.S.C. § 16(b). We hold that it is and therefore qualifies as an aggravated felony under U.S.S.G. § 2L1.2(b)(1)(C). We lack jurisdiction to review the district court's discretionary refusal to depart downward from the sentencing guidelines. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm the district court.

## FACTUAL BACKGROUND

In 1992, Appellant Francisco Campos–Fuerte ("Campos–Fuerte") was convicted in a California court of flight from a police officer in willful and wanton disregard for safety in violation of California Vehicle Code § 2800.2. The United States removed him to Mexico upon his release from state custody in 1996. Campos–Fuerte was subsequently arrested in the Eastern District of California by state authorities for driving under the influence in August 2002.

A federal grand jury indicted Campos–Fuerte for violating 8 U.S.C. § 1326, based on his 1996 deportation, and thereafter being found in the United States at the time of his 2002 arrest. Campos–Fuerte pled guilty to the federal charge, but objected to the district court's finding that his 1992 conviction under California Vehicle Code § 2800.2 was a crime of violence qualifying as an aggravated felony, which required an eight-level upward adjustment. Campos–Fuerte further argued that he was entitled to a downward departure because his criminal history was overstated. The district court refused to depart downward and imposed a sentence of eighteen months. Campos–Fuerte appeals his sentence on these two grounds.

## DISCUSSION

### A. California Vehicle Code § 2800.2 as an Aggravated Felony

We review *de novo* whether a prior conviction is an aggravated felony. *United States v. Rivera–Sanchez*, 247 F.3d 905, 907 (9th Cir.2001) (en banc). Section 2L1.2(b)(1)(C) of the applicable 2002 Sentencing Guidelines requires an upward adjustment for a prior conviction of an aggravated felony. The commentary states that the term "aggravated felony" has the meaning given the term in 8 U.S.C. § 1101(a), which states in the applicable part:

(43) The term "aggravated felony" means—

(F) a crime of violence (as defined in section 16 of Title 18, but not including a purely political offense) for which the

term of imprisonment [is]¹ at least one year.

Title 18, Section 16 provides:

The term "crime of violence" means—

(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

The Government relies on § 16(b). Thus, in order for Campos–Fuerte's conviction to qualify as an "aggravated felony" under U.S.S.G. § 2L1.2(b)(1)(C), the offense must have been one for which the term of imprisonment was at least one year as required by 8 U.S.C. § 1101(a)(43)(F), and it must have been a "felony" meeting the requirements of Title 18 U.S.C. § 16(b).

The California Vehicle Code § 2800.2, which Campos–Fuerte was convicted of violating, stated at the time of his conviction:

If a person flees or attempts to elude a pursuing peace officer in violation of Section 2800.1 and the pursued vehicle is driven in a willful or wanton disregard for the safety of persons or property, the person driving the vehicle, upon conviction, shall be punished by imprisonment in the state prison, by imprisonment in the county jail for not more than one year, or by a fine of not less than one hundred seventy dollars ($170) nor more than one thousand dollars ($1,000), or by both that fine and imprisonment.

A violation of § 2800.2 can be either a felony or a misdemeanor. Whether a violation is treated as a felony or a misdemeanor is controlled by California Penal Code § 17. A crime that is punishable by imprisonment in the state prison is a felony unless section 17(b) is applicable. There are five qualifying subsections under section 17(b), none of which are applicable in this case, thus, the violation is a felony. Campos–Fuerte was sentenced to 16 months in prison pursuant to California Penal Code § 18, which specifies that every crime punishable by confinement in state prison is punishable by a minimum of 16 months. Thus, Campos–Fuerte's violation was a felony for which the term of imprisonment was at least one year. The remaining issue is whether the conviction meets the other requirement of 18 U.S.C. § 16(b), that the offense be a felony that "by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

 In analyzing a state offense for purposes of sentencing enhancement, we use the categorical approach set forth in *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). Under *Taylor* we look to the statutes involved and not the conduct of the defendant.² In order to conclude that a conviction under a state statute amounts to a "crime of violence," we must determine that the full range of the statute's prohibited conduct

---

**1.** Subsections of 8 U.S.C. § 1101(a)(43) should be read to include "is." *See Alberto–Gonzalez v. INS*, 215 F.3d 906, 909 n. 6 (9th Cir.2000).

**2.** *Taylor* also outlines a "modified categorical approach," whereby the sentencing court, when faced with a state statute failing the categorical approach, may examine judicially noticeable facts regarding the conduct under-

lying the earlier conviction in order to determine whether the crime as committed qualifies as a basis for sentencing enhancement. 495 U.S. at 602, 110 S.Ct. 2143. Because we find Campos–Fuerte's 1992 conviction qualifies as a crime of violence under *Taylor*'s categorical approach, we do not reach the question of whether the underlying conduct would meet the modified test.

falls within the common, everyday meaning of section 16's definition. *See United States v. Trinidad–Aquino*, 259 F.3d 1140, 1144–46 (9th Cir.2001).

■ This circuit construes section 16(b)'s definition to encompass conduct where the actor uses force in conscious disregard of a risk that he will recklessly or intentionally apply that force to a person or the property of another. In *United States v. Ceron–Sanchez*, a case that involved reckless operation of an automobile, we held that the Arizona crime of attempted aggravated assault qualified as a crime of violence under *Taylor*'s categorical approach. 222 F.3d 1169, 1171 (9th Cir. 2000). There, we determined that the state provision encompassed reckless conduct causing actual injury to another. *Id.* at 1172. We further determined that the requirement of the Arizona aggravated assault statute that the activity involve a dangerous instrument "readily capable of causing death or serious injury" met section 16(b)'s requirement of a "substantial risk that physical force … may be used against the person or property of another." *Id.* at 1173.

Similarly, we held that California's involuntary manslaughter statute qualified as a crime of violence under the categorical approach. *Park v. INS*, 252 F.3d 1018, 1023 (9th Cir.2001). We noted that we have held that a reckless state of mind is sufficient for an aggravated felony and that involuntary manslaughter involved an equivalent state of mind. In *Park*, we distinguished our interpretation of section 16(b) from those circuits that limit the definition of a "crime of violence" to crimes involving substantial risk that force will be *intentionally* used against another. *Park*, 252 F.3d at 1023.

In two criminal cases involving motor vehicles we distinguished *Ceron–Sanchez* and *Park*. In *United States v. Trinidad–Aquino*, 259 F.3d 1140 (9th Cir.2001), the defendant was charged with driving under the influence (DUI) involving bodily injury in violation of California Vehicle Code § 23153. We held this was not an aggravated felony because it only required a *mens rea* of negligence not of recklessness. *Id.* at 1145. It is not enough to say that the purposeful use of force could accidently injure another. Section 16(b) requires that the actor in utilizing force be reckless with regard to a substantial risk that the force will be used against the person or property of another. *United States v. Portillo–Mendoza*, also involved a conviction under the same California DUI statute, plus a conviction of felony DUI with priors, in violation of California Penal Code § 17. We held that "[a] conviction for DUI, whether with priors or not, contains no intent requirement under California law; a violation may occur through negligence. In short, 'the full range of conduct encompassed' by the DUI statute does not constitute an aggravated felony, which has at a minimum a 'reckless' intent requirement." 273 F.3d 1224, 1228 (9th Cir.2001)(quoting *United States v. Sandoval–Barajas*, 206 F.3d 853, 856 (9th Cir. 2000)).

In *United States v. Hernandez–Castellanos*, 287 F.3d 876 (9th Cir.2002), we held that conviction under Arizona's reckless endangerment statute for driving under the influence of alcohol did not constitute a crime of violence because not all conduct punishable under Arizona Revised Statutes § 13–1201 would constitute a crime of violence under 18 U.S.C. § 16(b). *Id.* at 881. We held that the reckless endangerment statute was not categorically a crime of violence because it could be violated by the creation of a latent risk of danger, but not involve a risk that physical force would endanger the person or property of another. For example, abandoning a refrigerator in such a manner that a curious child could become trapped and suffocate would

not involve the risk of force. *Id.* Thus, the actor's use of force must potentially directly impact someone or something for the conduct to qualify as a crime of violence.

■ The statute involved in this case, the 1992 version of California Vehicle Code § 2800.2, required that the vehicle be driven "in a willful or wanton disregard for the safety of persons or property." Willful or wanton misconduct is at least the equivalent of recklessness. In *Rost v. United States*, we noted the meaning given under California law:

> Willful or wanton misconduct is intentional wrongful conduct, done either with a knowledge that serious injury to another will probably result, or with wanton and reckless disregard of the possible results. Several phrases express this standard including: " 'serious and wilful misconduct,' 'wanton misconduct,' 'reckless disregard,' 'recklessness,' and combinations of some or all or these."

803 F.2d 448, 450–51 (9th Cir.1986) (citations omitted). Furthermore, in contrast to *Hernandez–Castellanos,* all of the conduct punishable under § 2800.2 constitutes a crime of violence under 18 U.S.C. § 16(b).

We hold that the driving of the pursued vehicle in a willful or wanton manner in violation of California Vehicle Code § 2800.2 "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 16(b).

### B. The District Court's Refusal to Depart Downward Based on Overstatement of Criminal History

■ A district court's discretionary refusal to depart downward from the sentencing guidelines is not subject to appellate review. *United States v. Pizzichiello,* 272 F.3d 1232, 1239 (9th Cir.2001); *United*

*States v. Daas,* 198 F.3d 1167, 1182 (9th Cir.1999); *United States v. Ladum,* 141 F.3d 1328, 1344–45 (9th Cir.1998). We have jurisdiction to review the refusal only where it is premised on the district court's belief that, as a matter of law, it lacked discretion to so depart. *Pizzichiello,* 272 F.3d at 1239; *Daas,* 198 F.3d at 1182; *Ladum,* 141 F.3d at 1344. The record here shows that the district court was aware of and exercised its discretion in refusing to depart downward. Campos–Fuerte raised the asserted overstatement of his criminal history in his objections to the presentencing report and reasserted them at his sentencing hearing. A district court need not expressly acknowledge its discretion on the record. *See United States v. Webster,* 108 F.3d 1156, 1158–59 (9th Cir.1997); *United States v. Garcia–Garcia,* 927 F.2d 489, 490–91 (9th Cir. 1991). We conclude that the district court was aware of its discretion, and exercised it in denying the departure. Therefore, we lack jurisdiction to review its decision.

### CONCLUSION

We hold that Campos–Fuerte's conviction for violating the 1992 California Vehicle Code § 2800.2 qualifies as a crime of violence as defined in 18 U.S.C. § 16(b) under the categorical approach required in *Taylor v. United States.* As such, the conviction is an aggravated felony under U.S.S.G. § 2L1.2(b)(1)(C), and the district court properly imposed the required eight-level upward adjustment. We lack jurisdiction to review the district court's discretionary refusal to depart downward. We therefore affirm Campos–Fuerte's sentence.

AFFIRMED.