**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Justina Leann GOMEZ, Defendant—
Appellant.**

No. 03–30230.

United States Court of Appeals,
Ninth Circuit.

Submitted March 15, 2004.*

Decided March 23, 2004.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Robert G. Thomson, Esq., USME–Office of the U.S. Attorney, Medford, OR, for Plaintiff–Appellee.

Robert M. Stone, Esq., Medford, OR, for Defendant–Appellant.

Before: B. FLETCHER, TASHIMA, and WARDLAW, Circuit Judges.

## MEMORANDUM **

Justina Leann Gomez appeals her sentence imposed after a jury conviction for possession with intent to distribute fifty or more grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii). Gomez was sentenced to 87 months imprisonment to be followed by five years of supervised release. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 3742. We affirm.

Gomez contends that the district court erred in denying her motion for a reduction based on acceptance of responsibility pursuant to section 3E1.1 of the United States Sentencing Guidelines ("USSG"). We review a district court's decision about whether a defendant has accepted responsibility for clear error. *United States v. Bazuaye,* 240 F.3d 861, 863 (9th Cir.2001); *see also* USSG § 3E1.1, cmt. n. 5.

At trial, Gomez was not forthcoming with information related to the facts of the case by repeatedly answering, "I don't

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

remember" in response to government questioning. She denied essential factual elements on the count of possession with intent to distribute methamphetamine, including the fact that she acted as an interpreter in the conversation that facilitated the sale of drugs for which she was convicted. We hold that the district court did not clearly err in its decision to deny Gomez a downward adjustment for acceptance of responsibility pursuant to USSG section 3E1.1. *United States v. Chastain,* 84 F.3d 321, 324 (9th Cir.1996); *see also* USSG § 3E1.1, cmt. n. 2.

Gomez also contends that the district court erred in denying her request for a four-level reduction for a minimal role in the offense pursuant to USSG section 3B1.2. We review for clear error a district court's decision about whether a defendant is a minor or minimal participant in a criminal offense under the particular facts of the offense. *United States v. Pena–Gutierrez,* 222 F.3d 1080, 1091 (9th Cir. 2000).

■ The district court determined that Gomez was entitled to a two-point downward adjustment as a minor participant, but denied her request for an additional two-point reduction as a minimal participant pursuant to USSG section 3B1.2(a). Although Gomez presented evidence at trial that she had no prior knowledge of the criminal undertaking before she arrived at the home where the drug transaction took place, she actively participated in the negotiation and sale of the methamphetamine by translating from Spanish to English and by commenting on the quality of the drugs. We hold therefore that the district court did not clearly err in determining that she was not eligible for a minimal participant adjustment. *United States v. Flores–Payon,* 942 F.2d 556, 561 (9th Cir.

1991); *see also* USSG § 3B1.2(b), cmt. n. 4.

■ Finally, Gomez contends that the district court erred in denying her request for a downward departure based on duress pursuant to USSG section 5K2.12. "A district court's discretionary refusal to depart downward from the sentencing guidelines is not subject to appellate review." *United States v. Campos–Fuerte,* 357 F.3d 956, 961 (9th Cir.2004). The district court concluded that departure was not warranted on the facts of this case. "[T]here is no indication that the district court believed that it was prevented as a matter of law from departing." *United States v. Pizzichiello,* 272 F.3d 1232, 1239 (9th Cir.2001). We therefore lack jurisdiction to review the district court's discretionary decision to deny Gomez a downward departure on the basis of duress. *Campos–Fuerte,* 357 F.3d at 961.

**AFFIRMED.**