**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Mario Andres HERNANDEZ–GARCIA,
Defendant—Appellant.**

Ninth Circuit Rule 36–3.

United States of America,
Plaintiff—Appellant,

v.

Mario Andres Hernandez–Garcia,
Defendant—Appellee.

Nos. 03–50003, 03–50029.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 3, 2004.

Decided May 3, 2004.

Ronald L. Cheng, Esq., USLA—Office of the U.S. Attorney, Los Angeles, CA, Richard Y. Lee, Esq., USSA—Office of the U.S. Attorney, Santa Ana, CA, for Plaintiff–Appellee and Plaintiff–Appellant.

Craig Wilke, FPDCA—Federal Public Defender's Office, Santa Ana, CA, for Defendant–Appellant and Defendant–Appellee.

Before: BROWNING, REINHARDT, and WARDLAW, Circuit Judges.

MEMORANDUM *

Mario Andres Hernandez–Garcia pled guilty to one count of being found in the United States following four prior deportations in violation of 8 U.S.C. § 1326. The Indictment alleged that Hernandez–Garcia had three prior aggravated felony convictions, which if true, would increase his maximum prison sentence from 10 to 20 years. Before trial, Hernandez–Garcia moved to dismiss the Indictment on the ground that his three prior convictions did not constitute aggravated felonies. The district court denied the motion, ruling that this was a sentencing issue best deferred to that phase of the proceedings. Hernandez–Garcia conditionally pled guilty to the Indictment, reserving the right to appeal the district court's denial of his pretrial motion. The district court sentenced Hernandez–Garcia to 24 months imprisonment, and three years supervised

* This disposition is not appropriate for publication and may not be cited to or by the courts

release. Hernandez–Garcia completed his prison term January 7, 2004.

Hernandez–Garcia asserts that the district court's refusal to determine whether his prior felony convictions constituted aggravated felonies was a violation of Federal Rule of Criminal Procedure 12. He also appeals the district court's decision that his conviction under California Vehicle Code § 2800.2 constituted an aggravated felony. The Government cross-appeals certain aspects of Hernandez–Garcia's sentence. We AFFIRM.

I. *Hernandez–Garcia's Motion to Dismiss*

Under Federal Rule of Criminal Procedure 12, a defendant may raise by pretrial motion "[a]ny defense, objection, or request which is capable of determination, without the trial of the general issue." Fed.R.Crim.P. 12(b). A district court must decide a legal issue before trial "if it is 'entirely segregable' from the evidence to be presented at trial." *United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir.1986) (quoting *United States v. Barletta*, 644 F.2d 50, 57–58 (1st Cir. 1981)).

The Indictment charged Hernandez–Garcia with one count of being found in the United States without permission after being deported four times, in violation of 8 U.S.C. § 1326. It properly alleged each of the elements of a § 1326 violation: (1) that Hernandez–Garcia was an alien; (2) that he had been deported from the United States on December 17, 1997, April 24, 1998, June 9, 1999, and April 24, 2001; and (3) that he returned to the United States following deportation without permission of the Government. *See* 8 U.S.C. § 1326. A prior alleged ag-

of this circuit except as provided by Ninth Circuit Rule 36–3.

gravated felony is considered a sentencing factor and not an element of § 1326. *Almendarez–Torres v. United States*, 523 U.S. 224, 228, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Because the pretrial motion raised only a sentencing issue, the district court did not err in declining to dismiss the Indictment.

## II. *California Vehicle Code § 2800.2*

The district court concluded that Hernandez–Garcia's prior conviction under California Vehicle Code § 2800.2 was an aggravated felony, and enhanced his sentence accordingly under 8 U.S.C. § 1326(b)(2). This court reviews de novo whether a conviction constitutes an aggravated felony. *United States v. Rivera–Sanchez*, 247 F.3d 905, 907 (9th Cir.2001) (en banc).

A prior conviction is an aggravated felony for the purpose of enhancing a § 1326 sentence if it falls within one of the definitions set forth in 8 U.S.C. § 1101(a)(43). The Government contends that Hernandez–Garcia's conviction falls within one such definition, *viz.*, "a crime of violence (as defined in section 16 of Title 18, but not including a purely political offense) for which the term of imprisonment is at least one year." 8 U.S.C. § 1101(a)(43)(F). Section 16 defines a "crime of violence" as, *inter alia*, "[an] offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 16(b).

Under the modified categorical approach set forth in *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), a court first examines the statutory definition of the prior offense. *Id.* at 602; 110 S.Ct. 2143. If the statute "reaches both conduct that would constitute a crime of violence and conduct that would not, we have interpreted *Taylor'* s edict to include examination of documentation or judicially noticeable facts that clearly establish that the conviction is a predicate conviction for enhancement purposes." *Rivera–Sanchez*, 247 F.3d at 908 (internal quotations and citations omitted).

■ In *United States v. Campos–Fuerte*, 357 F.3d 956 (9th Cir.2004), we held that a conviction under a previous version of California Vehicle Code § 2800.2 constitutes an aggravated felony. *Campos–Fuerte* is not binding in this case, however, because § 2800.2 was amended in 1996 to add that willful and wanton disregard includes "driving while fleeing or attempting to elude a pursuing police officer during which time either three or more violations that are assigned a traffic point ... occur, or damage to property occurs." *See People v. Sewell*, 80 Cal.App.4th 690, 694, 95 Cal.Rptr.2d 600 (2000). As a result, amended § 2800.2, under which Hernandez–Garcia was convicted, "reaches both conduct that would constitute a crime of violence and conduct that would not." Therefore, it does not categorically qualify as a crime of violence.

Under *Taylor*, we must examine the judicially noticeable facts to determine whether Hernandez–Garcia was convicted under the portions of § 2800.2 that prohibit behavior constituting a crime of violence. Hernandez–Garcia's plea agreement to the § 2800.2 charge establishes that he was convicted of behavior which qualifies as a crime of violence. Specifically, Hernandez–Garcia pled guilty to driving "with willful [sic] and wanton disregard for the safety of others, and in so doing[,] placed my daughter in a situation and under circumstances which could have resulted in great bodily harm." Therefore, Hernandez–Garcia's § 2800.2 conviction constitutes an aggravated felony for

the purposes of § 1326(b)(2)'s sentence enhancement provision.[1]

### III. *Downward Departure for Cultural Assimilation*

The Government argues that the district court erred when it granted Hernandez–Garcia a two-level downward departure for cultural assimilation. We review de novo the district court's decision to grant a downward departure. *United States v. Phillips,* 356 F.3d 1086, 1098–99 (9th Cir. 2004) (holding that the PROTECT Act's de novo standard of review applies to appeals pending on the date of the Act's enactment).

 A district court may depart from the Sentencing Guidelines when "there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different [than described in the Guidelines]." U.S.S.G. § 5K2.0 (quoting 18 U.S.C. § 3553(b)). In *United States v. Lipman,* 133 F.3d 726 (9th Cir.1998), this court held that a district court may depart downward on the basis of a defendant's "cultural assimilation." *Lipman,* 133 F.3d at 731; *see also United States v. Rivas–Gonzalez,* 365 F.3d 806, 809–11, 2004 WL 859315 at *2–*3 (9th Cir. April 22, 2004). A court may consider the extent of the defendant's family and community ties, and whether "his motives [for reentering the country] were familial or cultural rather than economic." *Id.* at 731.

We agree with the district court's conclusion that Hernandez–Garcia presents circumstances outside the heartland of the usual § 1326 defendant. He was brought into the United States by his mother when he was only six years old, and has lived continuously in the United States for 28 years. He attended and graduated from a California public school, and played sports there. He applied for, and likely would have received, citizenship if he had not missed an appointment with the INS because he was in jail for a minor offense. Hernandez–Garcia's family, including three American-citizen children, live in the United States. His repeated reentry into the United States was motivated by the desire to be with his family, not economic gain. He worked legally in the United States for many years. Hernandez–Garcia is fluent in English, but speaks only limited Spanish. As such, Hernandez–Garcia is an ideal candidate for the cultural assimilation downward departure, as he is a person "brought to the United States as [a child], who had adapted to American culture in a strong way and who, after deportation, returned to the United States for cultural rather than economic reasons." *Rivas–Gonzalez,* 365 F.3d 806, 811.

We reject the Government's contention that Hernandez–Garcia's multiple deportations and criminal record per se render him ineligible for the cultural assimilation departure. Rather, they are factors to be considered by the district court, as was done here.

AFFIRMED.

---

1. Because we affirm as to Hernandez–Garcia's California Vehicle Code § 2800.2 conviction, we need not address the Government's cross-appeal on the district court's decision with respect to Hernandez–Garcia's California Health & Safety Code § 11377 conviction.