**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Conchita A. CARRIZALES,**
**Defendant—Appellant.**

**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Elvira Terriquez–Aragon, Defendant—**
**Appellant.**

No. 03–30430, 03–30443.

D.C. Nos. CR–02–00296–EFS,
CR–01–00295–EFS.

United States Court of Appeals,
Ninth Circuit.

June 15, 2004.*

Decided June 28, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Thomas J. Hopkins, AUSA, USSP–Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

Kenneth K. Watts, Esq., Lana C. Glenn, Esq., Law Office of Lana C.C. Glenn, Spokane, WA, for Defendant–Appellant.

Appeal from the United States District Court for the Eastern District of Washington, Edward F. Shea, District Judge, Presiding.

Before LEAVY, THOMAS, and FISHER, Circuit Judges.

MEMORANDUM **

I Case No. 03–30430

In Case No. 03–30430, Conchita A. Carrizales appeals the 60–month prison term and 4–year term of supervised release imposed following her guilty plea to distributing 50 grams or more of a mixture of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(VIII), and 18 U.S.C. § 2. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We affirm the sentence imposed by the district court.

█ Carrizales contends that the district court erred when it failed to make findings of fact and conclusions of law regarding whether or not Carrizales met the criteria for application of the safety valve under 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2 (2002). Because counsel for Carrizales did not object to the district court's decision not to apply safety valve

relief or to make findings or conclusions regarding the safety valve criteria, our review is for plain error. *See, e.g., United States v. Jordan,* 256 F.3d 922, 926 (9th Cir.2001).

At sentencing, counsel for Carrizales conceded that Carrizales declined to participate in the "free talk" or debriefing session requested by the government to make her eligible for safety valve relief. *See* U.S.S.G. § 5C1.2(a)(5). Carrizales felt that she had already cooperated with the government and aided its investigation. She feared retaliation from her former boyfriend who was the subject of an ongoing investigation or his associates, and she also feared that talking with the government would in some way preclude her from serving her sentence at the same facility as her mother, who was convicted for related offenses.

Based on defense counsel's concession, the district court did not err when it failed to make findings of fact and conclusions of law explaining why it did not grant safety valve relief. *See United States v. Garcia–Sanchez,* 189 F.3d 1143, 1150 (9th Cir. 1999). *Compare United States v. Real–Hernandez,* 90 F.3d 356, 359–61 (9th Cir. 1996) (requiring findings of facts and conclusions of law for denial of safety valve relief where such relief was actively pursued and debated at sentencing hearing).

To the extent Carrizales contends that she already provided all of the information she knew, the argument is unconvincing. Carrizales never claimed that she provided all the information she had regarding the overall Methamphetamine distribution scheme and the involvement of her mother and former boyfriend. Carrizales' stated reason for declining to participate in the debriefing, her fear of retribution from

---

other participants, indicates that she could have provided additional information. *See Garcia–Sanchez,* 189 F.3d at 1150. The sentence imposed by the district court in Case. No. 03–30430 is AFFIRMED.

II  Case No. 03–30443

■ In Case No. 03–30443, Elvira Terriquez–Aragon appeals the district court's denial of her motion for a downward departure based on cultural assimilation and aberrant behavior. We lack jurisdiction to review the district court's exercise of its discretion to deny a downward departure.

Because the record in this case reflects that the district court recognized its authority to depart downward, we lack jurisdiction to review its discretionary refusal to do so. *See United States v. Campos–Fuerte,* 357 F.3d 956, 961 (9th Cir.2004). Case No. 03–30443 is therefore DISMISSED.

The sentence imposed in Case. No. 03–30430 is AFFIRMED. Case No. 03–30443 is DISMISSED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.