UNITED STATES of America,
Plaintiff—Appellee,

v.

Pontrell WILLIAMS, Defendant—
Appellant.

United States of America,
Plaintiff—Appellant,

v.

Pontrell Williams, Defendant—
Appellee.

Nos. 03–10113, 03–10123.
D.C. No. CR–01–00434–1–LRH, D.C.
No. CR–01–00434–LRH.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 4, 2004.*

Decided Oct. 7, 2004.

* This panel unanimously finds this case suitable for decision without oral argument. *See*   Fed. R.App. P. 34(a)(2).

Peter Ko, Camille Damm, Esq., Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Richard F. Cornell, Esq., Reno, NV, for Defendant–Appellant.

Before RYMER, TALLMAN, and BEA, Circuit Judges.

## MEMORANDUM **

Pontrell Williams appeals his conviction on one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The government cross-appeals his sentence. We have jurisdiction to review the final judgment in this case under 28 U.S.C. § 1291, and to review the sentence under 18 U.S.C. 3742(b), and we affirm in part and reverse in part.

I

Williams argues that the district court should have suppressed evidence of the firearm because officers violated his rights under 18 U.S.C. § 3109 and the Fourth Amendment. Reviewing the denial of Williams's motion to suppress de novo, *United States v. Bynum*, 362 F.3d 574, 578 (9th Cir.2004), we conclude that under the totality of circumstances, the officers' manner of entry was justified by a reasonable suspicion that knocking would be dangerous. *See id.* at 581–82. The officers did not base their suspicion on the generalized dangerousness of drug dealers, *see United States v. Becker*, 23 F.3d 1537, 1540–41 (9th Cir.1994); *United States v. Granville*, 222 F.3d 1214, 1219 (9th Cir.2000), but on particularized facts: the expected presence of Back Street Crips (BSC) gang members at 1671 North D Street who were known from prior experience to be violent and dangerous, and were believed to be using this location as a drug sale site; the recent murder of BSC members by a rival gang, and the resulting likelihood that BSC members would presently be armed; the posting of lookouts at the premises; knowledge that a lookout at a prior BSC drug sale location had carried a firearm; the presence of a pit bull terrier; and the fortification of entrances with metal security doors. In a prior controlled buy at a drug sale location like this one, a BSC member had pointed a gun at a confidential informant the BSC mistakenly believed to have possibly been an undercover police officer, thereby demonstrating a willingness to use guns against law enforcement agents. Finally, members of the BSC had recently been involved in a deadly shootout with a rival gang over a drug robbery, showing additional readiness to use deadly force to protect their drug business.

II

Williams next argues that his conviction should be reversed because the district court permitted the court reporter to read back a portion of a government witness's testimony to the jury after deliberations had begun. However, his own witness did not know whether he was wearing a fanny pack, so there was no inconsistency. In any event, the district court gave a precautionary instruction that the jury

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

must base its decision on all the evidence. *See United States v. Sandoval,* 990 F.2d 481, 486–87 (9th Cir.1993) (holding that the district court did not abuse its discretion by reading back testimony when it gave a similar instruction). The district court acted well within the "great latitude" it enjoys in deciding to allow testimony to be reread. *United States v. Portac, Inc.,* 869 F.2d 1288, 1295 (9th Cir.1989).

### III

■ The government cross-appeals the district court's refusal to apply an enhancement pursuant to U.S.S.G. § 2K2.1(a)(4)(A) (2001). We agree that the court's reasoning cannot stand in light of *United States v. Campos–Fuerte,* 357 F.3d 956, 959 (9th Cir.), *amended by* 366 F.3d 691 (9th Cir.2004), which was published after sentencing in this case. There we held that a violation of California Vehicle Code § 2800.2, as that provision existed in 1992, was a crime of violence, as that term is defined in 18 U.S.C. § 16(b). The 1992 version of § 2800.2 was identical to the 1990 version that Williams violated. Although § 16(b) pertains to force against "the person *or* property" of another, as does California Vehicle Code § 2800.2, while U.S.S.G. § 4B1.2(a)(2) applies only to "physical injury," this difference does not matter here because Williams pled guilty to a charge that he drove in disregard for the safety of *both* persons *and* property. *See United States v. Casarez–Bravo,* 181 F.3d 1074, 1077 (9th Cir.1999) ("In addition to the statutory definition, we may also examine documentation or judicially noticeable facts that clearly establish that the conviction is a predicate conviction for enhancement purposes such as the indictment, the judgment of conviction, jury instructions, a signed guilty plea, or the transcript from the plea proceedings." (internal quotation marks omitted)). Thus, the conduct to which Williams pled guilty

"presents a serious potential risk of physical injury to another." U.S.S.G. § 4B2.1(a)(2) (2001); *Campos–Fuerte,* 357 F.3d at 961 (discussing the reckless disregard inherent in violations of California Vehicle Code § 2800.2). Williams's argument that his prior conviction is not a crime of violence because it could not be punished by a term exceeding one year fails given that he pled to a felony complaint and was, like the defendant in *Campos–Fuertes,* sentenced to a term of 16 months in custody. Accordingly, Williams's conviction was a crime of violence for purposes of U.S.S.G. § 2K2.1(a)(4)(A).

AFFIRMED IN PART; REVERSED IN PART.