Filed 9/20/13  In re Arellano CA2/5
Opinion on Remand from Supreme Court

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| In re DANIEL ARELLANO, JR.,<br><br>on Habeas Corpus. | B233239<br><br>(Los Angeles County<br>Super. Ct. No. YA042791) |

ORIGINAL PROCEEDING.  Petition for Habeas Corpus.  John Vernon Meigs, Judge.  Petition for writ of habeas corpus is granted

Eric R. Larson, under appointment by the Court of Appeal, for Petitioner.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Eric E. Reynolds and Allison H. Chung, Deputy Attorneys General, for Plaintiff and Respondent.

This case is before us on order of the California Supreme Court.  The order requires the Secretary of the Department of Corrections and Rehabilitation to show cause before this court why petitioner is not entitled to relief on the basis that he was convicted of second degree murder under a theory that was invalidated by the Supreme Court in *People v. Howard* (2005) 34 Cal.4th 1129 (*Howard*).

Although we previously denied petitioner relief based on *Howard*, we have reexamined the issue as required by the Supreme Court's order and grant the habeas corpus petition.

DISCUSSION

Petitioner was convicted, in pertinent part, of second degree murder on the theory that petitioner's act of evading police officers (Veh. Code, § 2800.2) amounted to an inherently dangerous felony such that the resulting crash and death of his passenger triggered his liability for second degree felony-murder.  He challenged the judgment of conviction on appeal arguing he was improperly convicted of second degree murder because evading was not an inherently dangerous felony.  (See *People v. Bryant* (2013 ) 56 Cal. 4th 959, 965 ["the second degree felony-murder rule applies only to felonies inherently dangerous to human life"].)  We rejected his claim but acknowledged there was a split of authority on the issue and that the issue was pending in the California Supreme Court in *Howard*.

*Howard* was decided approximately seven months after our opinion was filed.  It held the crime proscribed by Vehicle Code section 2800.2 was not an inherently dangerous felony and, therefore, it could not trigger second degree felony-murder.  (*Howard, supra,* 34 Cal.4th at pp. 1136-1139.)  Petitioner made applications for relief in this court arguing *Howard* requires the invalidation of his second degree murder conviction.  We rejected the arguments not only on procedural grounds but also on the basis that any instructional error was harmless because, given appellant's grossly reckless driving, "any reasonable juror" would conclude he was guilty of second degree murder on the theory that he harbored a conscious disregard for human life (see *People v.*

2

*Martinez* (2003) 31 Cal.4th 673, 684 [a killing resulting from a deliberate act done with conscious disregard for human life is second degree murder].)

Petitioner then filed a writ petition in the California Supreme Court. Pursuant to the Supreme Court's order, the California Attorney General filed an informal response. The Attorney General took the position that the petition was procedurally barred and any instructional error was harmless. The Supreme Court responded to the Attorney General's arguments by filing the order to show cause giving rise to the instant proceeding. The order cited *Howard* and *People v. Guiton* (1993) 4 Cal.4th 1116, 1129—a case holding that, if a jury is instructed with an invalid legal theory, "the . . . rule requiring reversal applies, absent a basis in the record to find that the verdict was actually based on a valid ground." *(Ibid.*, footnote omitted.)

It is undisputed the jury was instructed on a theory of second degree murder that was eventually determined to be invalid by our High Court. Because this was the only theory of second degree murder given to the jury, we are unable to conclude the verdict was based on an alternative theory such as a conscious disregard for human life. In other words, although the record reflects appellant engaged in exceptionally dangerous conduct, we cannot say that the verdict was "actually based on a valid ground." (See *People v. Guiton, supra,* 4 Cal.4th at p. 1129.)

The dissent asserts the habeas corpus petition is untimely, petitioner is not entitled to the retroactive application of *Howard,* and petitioner's method of evading was so reprehensible that he was not prejudiced by the instruction on what was eventually determined to be an the invalid theory of culpability. The Attorney General made these arguments in the informal response she filed in the California Supreme Court. Yet, the Supreme Court issued an order to show cause citing only *Howard* and *Guiton*—cases that do not discuss timeliness or retroactivity. The issues of retroactivity and timeliness are outside the scope of the order to show cause. Moreover, it stands to reason that the Supreme Court rejected the arguments asserted by the Attorney General, and embraced by the dissent, for denying the petition. Petitioner's reprehensible conduct may be addressed at a new trial for second degree murder based on a valid theory of culpability.

3

(See *Lockhart v. Nelson* (1988) 488 U.S. 33, 40-41 [if the judgment is reversed based on trial error, double jeopardy does not bar retrial]; see also *People v. Llamas* (1997) 51 Cal.App.4th 1729, 1741-1743 [prejudicial error under *Guiton* allows the prosecution to retry defendant on a valid legal theory].)

DISPOSITION

The petition for writ of habeas corpus is granted. The judgment of conviction for second degree murder is vacated. The clerk is ordered to amend the abstract of judgment to reflect this disposition and provide a copy of the amended judgment to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KUMAR, J.[*]

I concur:

MOSK, J.

_____

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Turner, P.J., Dissenting

I respectfully dissent. First, in my view the delay in filing the habeas corpus petition is unjustified, or at the very least, should be the subject of an evidentiary hearing. Defendant, Daniel Arrellano, Jr,. participated in the running gun battle, high-speed chase and killing of Robert Valdez on December 22, 1999. The opinion in *People v. Howard* (2005) 34 Cal.4th 1129, 1139 (*Howard*) was issued over seven and one-half years ago. This delay has not been justified by reference to particular circumstances and I would deny the petition on that ground alone. (*In re Clark* (1993) 5 Cal.4th 750, 765; *In re Stankewitz* (1985) 40 Cal.3d 391, 396, fn. 1.) And even defendant presented sufficient allegations supported by reasonably available documentary evidence, I would appoint a referee and order an evidentiary hearing on the delay issue. As our Supreme Court has explained: "Finally, if the return and traverse reveal that petitioner's entitlement to relief hinges on the resolution of factual disputes, then the court *should* order an evidentiary hearing. (Pen. Code, § 1484.) Because appellate courts are ill-suited to conduct evidentiary hearings, it is customary for appellate courts to appoint a referee to take evidence and make recommendations as to the resolution of disputed factual issues. (See *In re Fields* [(1990)] 51 Cal.3d 1063, 1068; *In re Mooney* (1937) 10 Cal.2d 1, 15.)" (*People v. Romero* (1994) 8 Cal.4th 728, 739-740; italics added.) If I am incorrect that the delay issue disposes of the petition at the pleading stage, then *Romero* with its virtual requirement of an evidentiary hearing is controlling.

Second, defendant bases his claim for relief on our Supreme Court's decision in *Howard*, *supra*, 34 Cal.4th at page 1139. Defendant is not entitled to the benefit of *Howard* under the circumstances of this case. A judicial decision favorable to the accused is entitled to retroactive effect in all non-final cases. This limitation to non-final cases does not apply when there is a conflict in the law. (*People v. Watson* (2008) 43 Cal.4th 652, 688-689; *People v. Guerra* (1984) 37 Cal.3d 385, 401, disapproved on another point in *People v. Hedgecock* (1990) 61 Cal.3d 395, 409-410.) But when

defendant was tried, all then (now disapproved) binding decisions held a violation of Vehicle Code section 2800.2 could serve as the predicate for a second degree felony-murder finding. (*People v. Jones* (2000) 82 Cal.App.4th 663, 669, fn. 3; *People v. Sewell* (2000) 80 Cal.App.4th 690, 696-697; *People v. Johnson* (1993) 15 Cal.App.4th 169, 173-174.) Our Supreme Court denied the defendants' review petitions in *Jones*, *Sewell* and *Johnson*. (*People v. Jones*, *supra*, 82 Cal.App.4th at p. 671; *People v. Sewell*, *supra*, 80 Cal.App.4th at p. 698; *People v. Johnson*, *supra*, 15 Cal.App.4th at p. 179.) Thus, the trial court justifiably relied on the prior clear rule (it was required to do so) and the finality limitation applies here. (*People v. Watson, supra*, 43 Cal.4th at p. 689 [no retroactivity issue when "there is "no clear rule on which anyone could have justifiably relied . . . .""]; *Donaldson v. Superior Court* (1983) 35 Cal.3d 24, 37 [a new rule for retroactivity purposes arises when a decision '"disapproves a practice this Court has arguably sanctioned in prior cases . . . or overturns a longstanding and widespread practice to which this Court has not spoken, but which a near-unanimous body of lower court authority has expressly approved."'].) Under traditional finality tests, defendant's conviction was final as of November 23, 2004, the last day to file a certiorari petition in the United States Supreme Court. (*In re Gomez* (2009) 45 Cal.4th 650, 655; see *Caspari v. Bohlen* (1994) 510 U.S. 383, 390.) The new rule in *Howard*, *supra*, 34 Cal.4th at page 1139 was established on January 27, 2005. Thus, defendant is not entitled to retroactive application of *Howard*.

The Attorney General expressly raised the retroactivity issue in the informal response and return. The traverse does not (for good reason because to do so would only call unwelcome attention to the problem) deny the retroactivity allegations of the Attorney General. Thus, the retroactivity allegations of the Attorney General are deemed admitted. (*People v. Romero*, *supra*, 8 Cal.4th at p. 739; *In re Lewallen* (1979) 23 Cal.3d 274, 277.)

Third, assuming defendant is entitled to the benefit of *Howard*, the error was harmless beyond a reasonable doubt. When the sole theory presented to the jury is

2

legally inadequate, under California law, the instructional error is *generally* reversible. (*People v. Nunez* (2013) 57 Cal.4th 1, 42 ["'cases involving a "legally inadequate theory" are "'subject to the rule *generally* requiring reversal'"] first italics in original, second italics added; *People v. Guiton* (1993) 4 Cal.4th 1116, 1127 [same].) But this is not the general case. This is probably the most aggravated violation of Vehicle Code section 2800.2 in California history. This is the most malice laden pursuit and ensuing crashes I have ever seen. There were multiple crashes during the pursuit. Gunfire from defendant and his confederates was directed at pursuing police officers. In my view, given that this is the ultimate extreme and not the general case, *Guiton* with its virtual automatic reversal rule, is not controlling.

Further, at some point, I would urge our Supreme Court to reconsider *Guiton*, which abides by the automatic reversible error analysis in *People v. Green* (1980) 27 Cal.3d 1, 70-71, overruled on a different point in *People v. Morgan* (2007) 42 Cal.4th 593, 611. *Green* holds that when there is a verdict which could have been based on valid and invalid theories, the error is always reversible. In my respectful view, *Green* is a state, not federal, rule. *Green* cannot be squared with the federal constitutional analysis in *Griffin v. United States* (1991) 502 U.S. 46, 59-60, concerning instruction on valid and invalid theories. *Griffin* holds no federal constitutional violation results in that scenario. (*Ibid*.) The United States Supreme Court described its holding in *Griffin* thusly: "Thus, *Sochor* implicitly suggests that, if the jury was allowed to rely on any of two or more independent grounds, one of which is infirm, we should presume that the resulting general verdict rested on the infirm ground and must be set aside. See *Mills v. Maryland* [(1988)] 486 U.S. 367, 376-377; cf. *Stromberg v. California* [(1931)] 283 U.S. 359, 368. Just this Term, however, we held it was no violation of due process that a trial court instructed a jury on two different legal theories, one supported by the evidence, the other not. See *Griffin v. United States,* [*supra*,] 502 U.S. [at p.] 46. We reasoned that although a jury is unlikely to disregard a theory flawed in law, it is indeed likely to disregard an option simply unsupported by evidence. [(*Id.,* at 59-60.)] We see no occasion for

3

different reasoning here, and accordingly decline to presume jury error." (*Sochor v. Florida* (1992) 504 U.S. 527, 538 [refusing to find an Eighth Amendment violation when it cannot be determined how a jury resolved an aggravating factor in capital litigation].) Thus, it would seem *Green* and by extension *Guiton* articulates a state rule--one which must be subject to the *People v. Watson* (1956) 46 Cal.2d 818, 836 prejudice analysis. (See *People v. Breverman* (1998) 19 Cal.4th 142, 164-179.) I recognize this may not be *the* proper case to engage in a reevaluation of *Guiton* and *Green*. In my view, this case is resolvable based on the hyper-extreme evidence of malice which falls outside the general rule in *Guiton*.

Fourth, I wish to emphasize the body of my colleagues' opinion makes clear the prosecution may retry defendant. At present, our disposition merely vacates the conviction. But the opinion's discussion clarifies defendant may be retried for murder.


TURNER, P. J.


4