[No. C022930. Third Dist. Apr. 8, 1997.]

THE PEOPLE, Plaintiff and Respondent, v.
JONATHAN WESLEY PRELLER, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

\*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts II through IV.

**COUNSEL**

Francia M. Welker, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General,

J. Robert Jibson and Raymond L. Brosterhous II, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

NICHOLSON, J.—The defendant killed an infant left in his care. Convicted of a violation of Penal Code section 273ab, child abuse resulting in death, and sentenced to an indeterminate prison term of 15 years to life, the defendant appeals. He asserts the jury should have been instructed that, to convict, it had to find a reasonable person would have believed the force he used would have resulted in the child's death. Since Penal Code section 273ab does not include such an element, we affirm.

### FACTS AND PROCEDURE

The defendant does not challenge the sufficiency of the evidence, so we present a brief summary of the facts.

On January 17, 1995, eight-month-old Nicholas Jones, the son of the defendant's girlfriend, was left in the defendant's care. Nicholas began to cry, and the defendant became frustrated and angry because his efforts to quiet the baby were unsuccessful. Finally, he slapped Nicholas twice on the side of the head. Nicholas fell unconscious and into a coma. A neighbor came to visit sometime later and was unable to awaken Nicholas. She took the baby to her mother, who called 911. Nicholas died at the hospital of swelling and bleeding in the brain.

Although the defendant initially tried to evade a sheriff's detective and lied concerning the cause of the baby's injuries, he eventually admitted the assaults. He reenacted the incident for detectives.

The defendant was charged by information with violation of Penal Code section 273ab (child abuse resulting in death, as described more fully below) and Penal Code section 273a, subdivision (a) (child abuse). In conjunction with the section 273a count, the information also alleged he inflicted great bodily injury (Pen. Code, § 12022.7, subd. (a)) and that the injury resulted in death (Pen. Code, § 12022.95).

A jury found the defendant guilty on both counts and found both allegations true. The trial court sentenced the defendant to an indeterminate term of 15 years to life for violation of Penal Code section 273ab. It also imposed but stayed the middle term of four years for violation of Penal Code section

273a, subdivision (a), and imposed and stayed sentence for the enhancements associated with that count.

DISCUSSION

I

*Elements of Penal Code Section 273ab*

As enacted in 1994, Penal Code section 273ab (hereafter section 273ab) provided: "Any person who, having the care or custody of a child who is under eight years of age, assaults the child by means of force that to a reasonable person would be likely to produce great bodily injury, resulting in the child's death, shall be punished by imprisonment in the state prison for 15 years to life. Nothing in this section shall be construed as affecting the applicability of subdivision (a) of Section 187 or Section 189." (Stats. 1994, First Ex. Sess., 1993-1994, ch. 47, § 1.)

Two years later, the Legislature amended section 273ab by increasing the penalty from an indeterminate term of 15 years to life to an indeterminate term of 25 years to life. (Stats. 1996, ch. 460, § 2.) The Legislative Counsel's Digest contained within the amendatory legislation stated: "Existing law provides that a person having the care or custody of a child under 8 years of age who assaults the child, as provided, resulting in the child's death, shall be punished by imprisonment in the state prison for 15 years to life. [¶] This bill would increase the penalty for a violation of this provision to 25 years to life." (*Ibid.*)

The defendant committed his crime in 1995, during the time the version of section 273ab with the lesser penalty was in force.

At the defendant's trial, the court instructed the jury concerning the elements of section 273ab as follows: "To be guilty of this crime, one must willfully and unlawfully, while having care or custody of a child under eight years old, assault the child by means of force that to a reasonable person would be likely to produce great bodily injury and . . . which results in the child's death."

The defendant asserts this instruction allowed the jury to convict him of a violation of section 273ab without finding that a reasonable person would believe the force used would likely result in the child's death, which he claims is an element of the offense. The assertion calls into question what term in the statute the participial phrase "resulting in the child's death"

modifies. According to the defendant's argument, "resulting in the child's death" modifies "great bodily injury." It is not enough that the force is of a nature a reasonable person would believe "likely to produce great bodily injury." In addition, goes the argument, the force must be of a nature a reasonable person would believe likely to produce great bodily injury resulting in the child's death. Under this interpretation, the level of bodily injury is higher than is normally associated with great bodily injury.

The Attorney General disagrees and argues that "resulting in the child's death" modifies "force." According to this argument, which reflects the interpretation given to the statute by the trial court, the force used must satisfy two conditions: (1) to a reasonable person it must be likely to produce great bodily injury and (2) it must result in the child's death.

Before we look closer at the syntax employed by the Legislature and other means of discerning legislative intent, we will briefly discuss the ramifications of each asserted interpretation.

If we accept the defendant's interpretation of the statute, the jury, to convict, must find, as stated above, that a reasonable person would believe the means of force was likely to result in the child's death. However, the statute, under this interpretation, does not require that the child actually be killed, or even injured. For example, if a caretaker pointed a gun at a child and fired from a short distance, but somehow missed, a jury might conclude the caretaker assaulted the child by means of force likely to cause death, not to mention great bodily injury. The penalty, currently, is an indeterminate prison term of 25 years to life.

If, on the other hand, the statute is interpreted to mean the force must result in the child's death, section 273ab is a murder statute. To convict, the jury must determine the child died as a result of the caretaker's assault and a reasonable person would believe the force was likely to result in great bodily injury.

Considering only the ramifications, the latter interpretation is more reasonable. It makes section 273ab a murder statute with punishment commensurate with the punishment for first degree murder. (See Pen. Code, § 190, subd. (a).) The syntax of the statute, the language used in the remainder of the statute, and the Legislature's postenactment expression of its intent also point to the latter interpretation as correct.

If the Legislature had meant for "resulting in the child's death" to modify "great bodily injury," it would not have placed a comma after "great bodily

injury." Thus, it would have referred to an assault by means of force that to a reasonable person would be likely to produce great bodily injury resulting in the child's death. Instead, it inserted a comma and changed the meaning, detaching "resulting in the child's death" from "great bodily injury." Thus, the force must be likely, in the mind of a reasonable person, to produce great bodily *and* the force must result in the child's death.

The remainder of the statute shows it was the Legislature's intent to make it a murder statute, not simply an assault statute. The second sentence defines its relationship with other murder statutes: "Nothing in this section shall be construed as affecting the applicability of subdivision (a) of Section 187 [defining murder] or Section 189 [separating instances of murder into first and second degree]." Under this provision, the prosecution has discretion to charge under the more traditional murder statutes instead of or in addition to charging a violation of section 273ab.

Finally, the Legislature, when it amended section 273ab in 1996, clarified the meaning of the statute by declaring that "[e]xisting law," that is, the 1994 version of section 273ab, at issue here, "provides that a person having the care or custody of a child under 8 years of age who assaults the child, as provided, resulting in the child's death" violates the statute. (Stats. 1996, ch. 460, preamble.) By this declaration, the Legislature demonstrated its intended interpretation of the statute, that is, that "resulting in the child's death" referred to the force of the assault on the child, not to the quality of bodily injury contemplated by the reasonable person. While it is not the role of the Legislature to interpret statutes, that role being reserved to the courts, a postenactment declaration of intent may be viewed by the court as akin to an expert opinion concerning the interpretation of the statute, especially, as here, when the later declaration of intent is consistent with the most reasonable interpretation to which a statute is susceptible. (*Eu v. Chacon* (1976) 16 Cal.3d 465, 470 [128 Cal.Rptr. 1, 546 P.2d 289] [a postenactment statement by the Legislature is not binding, but may supply evidence of earlier legislative intent]; *Bobsee Corp. v. United States* (5th Cir. 1969) 411 F.2d 231, 237, fn. 18 [postenactment legislative statement, though not binding, is a "secondarily authoritative expression of expert opinion"].) That the assault must result in the child's death is both the most reasonable interpretation of section 273ab and is supported by the Legislature's postenactment statement reflecting its original intent.

For these reasons, we conclude the trial court did not err in instructing the jury concerning section 273ab. "[R]esulting in the child's death" does not modify "great bodily injury," and, therefore, the prosecution need not prove that a reasonable person would believe the means of force would be likely to result in the child's death.

## II-IV*

. . . . . . . . . . . . . . . . . . . . . . . . . . . .

### Disposition

The judgment is affirmed.

Sims, Acting P. J., and Scotland, J., concurred.

A petition for a rehearing was denied May 5, 1997, and appellant's petition for review by the Supreme Court was denied June 25, 1997.

---

*See footnote, *ante*, page 93.