86 Cal.Rptr.2d 384 (1999)
73 Cal.App.4th 258
Mary Suzanne ORLINA, Petitioner,
v.
The SUPERIOR COURT of California, County of Orange, Respondent;
People of the State of California, Real Party In Interest.
No. G024200.
Court of Appeal, Fourth District, Division Three.
June 30, 1999.
Review Denied October 20, 1999.
*385 Carl C. Holmes, Public Defender, Deborah A. Kwast, Chief Deputy Public Defender, Denise M. Gragg, Deputy Public Defender, for Petitioner.
No appearance for Respondent.
Michael R. Capizzi and Anthony J. Rackaukas, Jr., District Attorneys, Maurice L. Evans, Chief Assistant District Attorney and James J. Mulgrew, Deputy District Attorney, for Real Party in Interest.

O P I N I O N
RYLAARSDAM, J.
We are asked to decide what appears to be an issue of first impression in California: May the state retry a defendant on an uncharged lesser related offense following acquittal of the charged offense and a deadlocked jury on the lesser offense? We conclude that, where the defendant has requested the jury be instructed on the lesser offense, the answer is yes.

FACTS
Petitioner Mary Suzanne Orlina, a licensed day care provider, was indicted for violating Penal Code section 273ab (assault on a child under eight years of age resulting in death; all further statutory references are to the Penal Code). At petitioner's request, the trial court instructed the jury on the lesser offense of involuntary manslaughter. (§ 192, subd. (b).)
The jury acquitted petitioner of the charged offense, but was deadlocked on the uncharged lesser offense. After declaring a mistrial, the court denied petitioner's motion to preclude prosecution on the lesser offense and set a new trial. Orlina petitioned for a writ of prohibition or mandate and a stay of the trial. We issued an alternative writ and stayed the trial, and now deny the petition.

DISCUSSION

Section 192, subdivision (b) Is a Lesser Related Offense of Section 273ab.
Although the trial court and the parties assumed at the time of trial that involuntary manslaughter was a lesser related offense to the charged crime, the district attorney subsequently contended section 192, subdivision (b) is a lesser offense included in the crime defined in section 273ab. "[A] lesser offense is necessarily included in a greater offense if either the statutory elements of the greater offense, or the facts actually alleged in *386 the accusatory pleading, include all the elements of the lesser offense, such that the greater cannot be committed without also committing the lesser. [Citations.]" (People v. Birks (1998) 19 Cal.4th 108, 117, 77 Cal.Rptr.2d 848, 960 P.2d 1073; also see People v. Lohbauer (1981) 29 Cal.3d 364, 369, 173 Cal.Rptr. 453, 627 P.2d 183.)
Section 273ab provides: "Any person who, having the care or custody of a child who is under eight years of age, assaults the child by means of force that to a reasonable person would be likely to produce great bodily injury, resulting in the child's death, shall be punished by imprisonment in state prison for 25 years to life...." Section 192, subdivision (b) defines involuntary manslaughter as "the unlawful killing of a human being without malice" where it occurs "in the commission of an unlawful act, not amounting to felony; or in the commission of a lawful act which might produce death, in an unlawful manner, or without due caution and circumspection...."
One of the elements of section 273ab is an assault be committed "by means of force that to a reasonable person would be likely to produce great bodily injury." The corresponding element for involuntary manslaughter is that the killing occur "in the commission of an unlawful act, not amounting to felony" or, in the alternative, "in the commission of a lawful act which might produce death, in an unlawful manner, or without due caution and circumspection." (§ 192, subd. (b).) An assault is an unlawful act which does not amount to a felony. (§§ 241, 240, subd. (a).) Therefore, the first alternative for involuntary manslaughter under section 192, subdivision (b) corresponds to the element specified in section 273ab.
However, when we compare the second alternative for involuntary manslaughter with section 273ab, we find a distinction between "force that to a reasonable person would be likely to produce great bodily injury" and an "act which might produce death ... without due caution." Section 273ab is predicated on a probability of great bodily injury to the victim (see People v. Preller (1997) 54 Cal. App.4th 93, 98, 62 Cal.Rptr.2d 507), while the second definition of involuntary manslaughter is based on the possibility of the death of the victim. Section 273ab speaks to reckless conduct, ("likely to produce" injury) while the second definition of involuntary manslaughter encompasses careless or negligent conduct ("without due caution and circumspection"). It is therefore apparent that the elements of involuntary manslaughter are not necessarily encompassed within the elements of section 273ab. Involuntary manslaughter is a lesser related rather than a lesser included offense of the charged crime.
Although the case did not reach the specific issue, our conclusion is consistent with recently decided People v. Albritton (1998) 67 Cal.App.4th 647, 79 Cal.Rptr.2d 169. In Albritton the defendant was convicted of violating both sections 192, subdivision (b) and 273ab. The court rejected his claim that these convictions were inconsistent and affirmed the judgment. (Id. at p. 656, 79 Cal.Rptr.2d 169.) However, if one of these crimes were necessarily included in the other, the conviction for involuntary manslaughter would not have been permitted. A defendant cannot be convicted of two crimes, one of which is the lesser included of the first.
"Although the reason for the rule is unclear, this court has long held that multiple convictions may not be based on necessarily included offenses. [Citations.]" (People v. Pearson (1986) 42 Cal.3d 351, 355, 228 Cal.Rptr. 509, 721 P.2d 595; also see People v. Ortega (1998) 19 Cal.4th 686, 692, 80 Cal.Rptr.2d 489, 968 P.2d 48; People v. Smith (1998) 64 Cal.App.4th 1458, 1470, 76 Cal.Rptr.2d 75.) Separate convictions may "be had for more than one offense committed by means of a single act or series of acts, where there is an element of one crime not found in the other." *387 (People v. Thomas (1943) 59 Cal.App.2d 585, 587, 139 P.2d 359.) Therefore, the result in People v. Albritton, supra, 67 Cal.App.4th 647, 79 Cal.Rptr.2d 169 can only be justified if the crime of involuntary manslaughter contains an element different from that contained in section 273ab.

Retrial on the Lesser Related Offense is Permitted.
People v. Geiger (1984) 35 Cal.3d 510, 199 Cal.Rptr. 45, 674 P.2d 1303 held that, upon defendant's request, a trial court, under certain circumstances, had a duty to instruct the jury on uncharged lesser offenses which bore a relationship to the charged crime. This jury was instructed while Geiger was in effect. Shortly after the trial, our Supreme Court decided People v. Birks, supra, 19 Cal.4th 108, 77 Cal.Rptr.2d 848, 960 P.2d 1073, which overruled Geiger. (Id. at p. 136, 77 Cal.Rptr.2d 848, 960 P.2d 1073.) Footnote 19 to the Birks opinion notes that "if the defendant wrongly persuades the trial court to instruct the jury on an uncharged, nonincluded offense ... no complaint about the consequences can thereafter be raised on appeal." (Id. at p. 136, 77 Cal. Rptr.2d 848, 960 P.2d 1073.) Thus, although the trial court here unknowingly erred in giving the manslaughter instruction, being guided by Geiger, defendant is nevertheless subject to the consequences of having successfully persuaded the court to give the instruction. Therefore, in analyzing this case, we must disregard the fact that we know by hindsight that the instruction should not have been given.
In Stone v. Superior Court (1982) 31 Cal.3d 503, 183 Cal.Rptr. 647, 646 P.2d 809, our Supreme Court held that, where a jury is instructed on a lesser included offense, acquits the defendant of the charged crime, and is unable to reach a verdict on the lesser offense, a retrial on the latter offense is permitted. (Id. at p. 522, 183 Cal.Rptr. 647, 646 P.2d 809; also see People v. Smith (1983) 33 Cal.3d 596, 602, 189 Cal.Rptr. 862, 659 P.2d 1152.) We are here confronted with an issue not previously decided in any published opinion: Does the same rule apply when the jury was instructed on a lesser related offense? In order to answer this question we start out by reexamining the rationale of People v. Geiger, supra, 35 Cal.3d 510, 199 Cal.Rptr. 45, 674 P.2d 1303.
The Geiger court first noted that "the right to instructions on included offenses is grounded upon considerations of fundamental fairness." (People v. Geiger, supra, 35 Cal.3d. at p. 518, 199 Cal.Rptr. 45, 674 P.2d 1303.) Without distinguishing between included and related offenses, the court stated, "Instructions on lesser offenses are required because a procedure which affords the trier of fact no option other than conviction or acquittal when the evidence shows that the defendant is guilty of some crime but not necessarily the one charged, increases the risk that the defendant may be convicted notwithstanding the obligation to acquit if guilt is not proven beyond a reasonable doubt." (Id at p. 520, 199 Cal.Rptr. 45, 674 P.2d 1303.)
Geiger relied in part on People v. Marshall (1957) 48 Cal.2d 394, 309 P.2d 456, which first approved conviction of an uncharged related offense. There the court focused on notice to the defendant. Since the prosecutor had charged defendant in language encompassing a related offense, the trial court, after a bench trial, could properly find the defendant guilty of the lesser offense. Defendant had been charged with robbery and the information specifically described an automobile as one of the stolen items. (Id. at p. 396, 309 P.2d 456.) The court convicted defendant of auto theft. (Id. at p. 397, 309 P.2d 456.) The Marshall court affirmed the conviction, emphasizing that "[b]ecause the information charged defendant with taking `an automobile,' he was put on notice that he should be prepared to defend against a showing that he took that particular kind of personal property." (Id. at p. 405, 309 P.2d 456.) The Geiger court also discussed the notice issue: "The principal *388 impediment to instructions on related, but not necessarily included, offenses is the defendant's right to notice adequate to permit him to prepare his defense. That right is not a concern, however, when a defendant requests conviction of a related offense." (People v. Geiger, supra, at p. 526, 199 Cal.Rptr. 45, 674 P.2d 1303.)
By requesting the jury be instructed on the lesser offense, be it an included or related one, a defendant asks to be tried on a crime not charged in the accusatory pleading. By doing so, the defendant implicitly waives any objection based on lack of notice. Such defendants in effect ask the court to treat them as if the pleading had been amended. People v. Francis (1969) 71 Cal.2d 66, 75 Cal.Rptr. 199, 450 P.2d 591 explained such consent to be tried on the lesser charge as an implied amendment of the pleading. (Id. at pp. 74-75, 75 Cal.Rptr. 199, 450 P.2d 591.) Even though People v. West (1970) 3 Cal.3d 595, 91 Cal.Rptr. 385, 477 P.2d 409 subsequently rejected this fiction (id. at pp. 612-613, 91 Cal.Rptr. 385, 477 P.2d 409), the fact remains that a defendant who requests the jury be instructed on an uncharged offense consents to be treated as if the offense had been charged.
Petitioner emphasizes that there exists no accusatory pleading which charges him with involuntary manslaughter. This case was tried upon a grand jury indictment; and without citation of authority, petitioner claims such an indictment could not have been amended by the prosecutor. He is wrong. Section 1009 provides that "[a]n indictment, accusation or information may be amended by the district attorney...." (Also see People v. Nasworthy (1949) 94 Cal.App.2d 85, 91, 210 P.2d 83; People v. O'Moore (1948) 83 Cal.App.2d 586, 590-592, 189 P.2d 554.) It is true that an ancient case, People v. Granice (1875) 50 Cal. 447, which held that an indictment for manslaughter could not be amended by the prosecutor to charge the defendant with murder (id. at p. 448), is cited for the proposition that "an indictment or accusation `cannot be amended so as to change the offense charged.'" (4 Witkin & Epstein, Cal.Criminal Law (2d ed.1989) § 2094, p. 2464.) However, we know of no reason why such a limitation on the power of the prosecutor cannot be waived, as petitioner waived it here. Having consented to be tried as if she had been charged with manslaughter, petitioner cannot be heard to complain of the consequences of that election.

DISPOSITION
The petition is denied. The alternative writ is discharged. The stay order is dissolved.
CROSBY, Acting P.J., and BEDSWORTH, J., concur.