Filed 1/14/14

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E052297 |
| v. | (Super.Ct.No. FSB905099) |
| RICHARD JAMES GOOLSBY, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Bryan Foster, Judge.  Reversed and remanded with directions to dismiss.

Steven S. Lubliner, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Lilia E. Garcia, Barry Carlton and Felicity Senoski, Deputy Attorneys General, for Plaintiff and Respondent.

A jury found Richard James Goolsby, defendant and appellant (hereafter defendant), guilty of arson of an inhabited structure in violation of Penal Code section 451, subdivision (b),[1] and further found true the allegation that he caused more than one structure to burn within the meaning of section 451.1, subdivision (a)(4), based on evidence that defendant set a fire that caused two motor homes to burn.[2] Because the felony conviction constituted defendant's third strike, the trial court sentenced him to the mandatory term of 25 years to life in state prison, and also imposed various enhancements after first finding those allegations true.

Defendant raises various challenges to the jury's verdict and to his sentence. We agree with his assertion that his motor home is not a structure.[3] Therefore, the evidence that defendant set fire to his motor home does not support the jury's verdict finding defendant guilty of committing arson of an inhabited structure, and also does not support the jury's true finding on the multiple structure enhancement. Moreover, arson of property (§ 451, subd. (d)), the only other crime on which the trial court instructed the jury, is a lesser related, not a lesser included, offense to the charged crime. Therefore, we cannot exercise our authority under section 1181, subdivision 6, to modify the judgment by reducing defendant's conviction to a lesser included crime. For that same reason, i.e.,

---

[1] All further statutory references will be to the Penal Code unless otherwise indicated.

[2] The jury found him not guilty of attempted murder.

[3] For purposes of arson, "'Structure' means any building, or commercial or public tent, bridge, tunnel, or powerplant." (§ 450, subd. (a).)

2

because it is a lesser related crime, we also cannot remand the matter to the trial court for a new trial on the arson of property charge. Our only option, under the circumstances of this case, is to reverse the judgment based on insufficiency of the evidence and direct the trial court to dismiss the charge.

## FACTS

The facts are undisputed, and only a few are necessary for our resolution of the issues defendant raises on appeal. Defendant and Kathleen Burley lived together in what was one of several motor homes defendant owned and had parked on a vacant lot. On November 28, 2009, defendant and Burley got into an argument. Sometime not long after the argument, in which defendant and Burley each called the police on the other, defendant used a vehicle to push an inoperable motor home next to the one in which he and Burley were living and where Burley then was sleeping. Defendant used gasoline to set the inoperable motor home on fire. After Burley got out with her dogs, the fire spread to the motor home in which she had been sleeping. The fire destroyed both motor homes.

Additional facts will be recounted below as pertinent to the issues defendant raises on appeal.

3

# DISCUSSION

## 1.

## THE EVIDENCE IS INSUFFICIENT TO SUPPORT THE

## JURY'S VERDICT FINDING DEFENDANT GUILTY OF

## ARSON OF AN INHABITED STRUCTURE

Defendant contends, and we agree, that the evidence was insufficient to show that the motor home in which he and Burley were then living was a structure. Therefore, the evidence that he set fire to or caused that motor home to burn does not support the jury's verdict finding him guilty of arson of an inhabited structure in violation of section 451.

Under section 451, "A person is guilty of arson when he or she willfully and maliciously sets fire to or burns or causes to be burned . . . any structure, forest land, or property." Section 451 sets out "different levels of punishment, depending on the subject matter of the arson. [Citation.] These statutory categories, in descending level of punishment, are: (1) arson resulting in great bodily injury (five, seven, or nine years); (2) arson to [*sic*] 'an inhabited structure or inhabited property' (three, five, or eight years); (3) arson of a 'structure or forest land' (two, four, or six years); and (4) arson to other types of property (16 months, two, or three years). (§ 451, subds. (a), (b), (c) & (d).) By creating these different levels of punishment, the Legislature intended to impose punishment '"in proportion to the seriousness of the offense,"' and, in particular, 'according to the injury or potential injury to human life involved . . . .' [Citation.]" (*People v. Labaer* (2001) 88 Cal.App.4th 289, 292 (*Labaer*).)

4

The district attorney in this case charged defendant with arson of an "inhabited structure" in violation of section 451, subdivision (b). Defendant pointed out in the trial court that according to section 450, which defines the terms used in the arson chapter, "'Structure' means any building, or commercial or public tent, bridge, tunnel, or powerplant." (§ 450, subd. (a).) The trial court, at the district attorney's urging, focused on whether defendant's motor home was a dwelling, i.e., a place in which defendant and Burley intended to live more or less permanently. Based on that focus, the trial court permitted the jury to determine whether, in this case, a motor home is a structure for purposes of the arson statute.

Whether the crime is arson of a structure in violation of section 451 does not turn on whether a dwelling is involved, as clearly evidenced by the statutory definition of the term "structure." Of the several types of structures included in the statutory definition, only a building is relevant here. As Division One of this court observed in *Labaer*, "The Penal Code does not define 'building' for purposes of arson; we therefore apply the plain meaning of the word. [Citation.]" (*Labaer*, *supra*, 88 Cal.App.4th at p. 292.) In *Labaer*, the defendant argued the mobilehome he had partially dismantled and then set on fire was "property" not a building and, therefore, not subject to the increased punishment for arson of a structure. In rejecting that claim, the court observed, "Labaer does not dispute that the mobilehome—as it existed during the months before the fire—constituted a 'building' [and therefore a structure] under the arson statutes. The evidence established the [mobile]home was fixed to a particular location, could not be readily moved, and had been used as Labaer's residence for several months. (*Ibid*.)

5

The prosecutor did not present evidence to show that the motor home in which he and Burley then lived was fixed to a particular location and, therefore, had the attributes of a building. The common feature of the things included in the statutory definition of structure is that they are affixed to the ground and either cannot be moved at all or cannot be moved without first being dismantled and detached from the ground.[4] A motor home is a vehicle, the very purpose of which is to move from location to location. Absent evidence to show the motor home was somehow fixed in place, such a vehicle cannot, as a matter of law, be a structure within the meaning of the arson statute.[5] More importantly, and as defendant also pointed out in the trial court, the punishment for arson of an inhabited structure and the punishment for arson of inhabited property is exactly the

[4] The Attorney General argues that the ability to move is not the determining factor because a commercial or public tent can be dismantled and transported in a truck. The obvious response is that when dismantled, a commercial or public tent is not a structure; it is property.

[5] The Attorney General argues, as the district attorney did in the trial court, that "[b]uildings commonly have walls and a roof. In general, their function is to hold people and property. Although a motor home has wheels and is not fixed to the ground, it is functionally a building, as it serves all the normal purposes of a building, and shares critical design features, such as walls and a roof, and even interior rooms. It is manifestly intended to hold people." The definition of the term "structure" set out in section 450 does not turn on purpose or function, it turns on permanence or immobility, the very attribute of a motor home the Attorney General would have us disregard. Moreover, section 451, the arson statute in question, does not focus on protecting people in buildings as the Attorney General contends. The statute applies to inhabited structures which the Legislature stated means not only buildings but bridges, tunnels, and powerplants. In addition, the severe punishment the Attorney General cites as evidence of the Legislature's intent applies not only to inhabited structures but also to inhabited property, which by definition is everything other than a structure, i.e., a motor home. The only reason the severe punishment for arson of inhabited property does not apply in this case is that the district attorney inexplicably failed to charge it.

6

same,[6] unlike in *Labaer*, in which arson of a structure that is not inhabited carries a greater punishment than arson of property that is not inhabited.[7]

For purposes of the arson statute, defendant's motor home is property, which by statutory definition "means real property or personal property, other than a structure or forest land." (§ 450, subd. (c).) The district attorney only charged defendant with arson of an inhabited structure under section 451, subdivision (b), even though that section also applies to arson of "inhabited property."[8]

In short and simply stated, the motor home at issue in this appeal is not a structure, as that term is defined in the arson statutes and as the trial court instructed the jury.[9] Therefore, the prosecutor's evidence that defendant set fire to a motor home that caused a second inhabited motor home to catch fire was insufficient as a matter of law to support the jury's verdict finding defendant guilty of arson of an inhabited structure. Nor does

---

[6] Imprisonment in state prison for three, five, or eight years. (§ 451, subd. (b).) Because section 451, subdivision (b), includes both inhabited structures and inhabited property, we must reject defendant's claim that arson of inhabited property is a lesser included offense on which the trial court should have instructed the jury.

[7] Arson of a structure is punishable by two, four, or six years in state prison (§ 451, subd. (c)); arson of property is punishable by 16 months, two, or three years in state prison (§ 451, subd. (d)).

[8] The original felony complaint and original information, as well as an amended felony complaint charged defendant with arson of an inhabited structure or property, but then the district attorney filed an amended information that only alleged arson of an inhabited structure.

[9] The trial court instructed the jury according to the statutory definition that a structure is any building, bridge, tunnel, powerplant, or commercial or public tent.

the evidence support the jury's true finding on the enhancement that defendant "caused multiple structures to burn during the commission of the arson." The next issue we must address is the appropriate remedy.

**2.**

**REVERSAL WITH DIRECTIONS TO DISMISS IS THE PROPER REMEDY**

The prosecutor, as previously noted, elected to charge defendant only with arson of an inhabited structure. The trial court instructed the jury on the lesser offense of arson of property in violation of section 451, subdivision (d). Arson of property is a lesser related, but not a lesser included, offense to the charged crime of arson of an inhabited structure because, as the Attorney General concedes, the charged crime does not include all the elements of the lesser. (*People v. Hughes* (2002) 27 Cal.4th 287, 365-366 ["'An offense is necessarily included in another if . . . the greater statutory offense cannot be committed without committing the lesser because all of the elements of the lesser offense are included in the elements of the greater'"].) "In other words, when the greater crime 'cannot be committed without also committing another offense, the latter is necessarily included within the former.' [Citation.]" (*Id*. at p. 366.)

Arson of property as defined in section 450, subdivision (d), includes arson of everything *except* a structure or forest land. Moreover, as defendant points out, arson of property requires proof the property either did not belong to the defendant (because it is not unlawful to burn one's own personal property), or in burning or causing one's own property to burn, "there is an intent to defraud or there is injury to another person or another person's structure, forest land, or property." (§ 451, subd. (d).) Arson of a

8

structure is unlawful regardless of whether the defendant owns the structure. (§ 451, subd. (c).) Because it is possible to commit arson of a structure without also committing arson of property, the latter is not a lesser necessarily included offense of the charged crime in this case. Because arson of property is not a lesser necessarily included offense of the charged crime of arson of a structure, we cannot exercise our authority under section 1181, subdivision 6, to reduce defendant's conviction from the greater to that offense.

Nor can we remand this matter to the trial court for a new trial on the lesser related offense of arson of property. Multiple prosecutions for the same act are prohibited under section 654;[10] or as the Supreme Court put it in *Kellett v. Superior Court* (1966) 63 Cal.2d 822, "When, as here, the prosecution is or should be aware of more than one offense in which the same act or course of conduct plays a significant part, all such offenses must be prosecuted in a single proceeding unless joinder is prohibited or severance permitted for good cause. Failure to unite all such offenses will result in a bar to subsequent prosecution for any offense omitted if the initial proceedings culminate in either acquittal or conviction and sentence." (*Id*. at p. 827.) Although the trial court instructed the jury on the crime of arson of property, it did so only because the court and both attorneys believed it was a lesser necessarily included offense to the charged crime

---

[10] Section 654, subdivision (a), states, "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision. An acquittal or conviction and sentence under any one bars prosecution for the same act or omission under any other."

9

of arson of an inhabited structure.  Consequently, the jury did not render or attempt to render a verdict on that crime because they had been instructed to do so only if they acquitted defendant on the charged greater offense.  (Cf. *Orlina v. Superior Court* (1999) 73 Cal.App.4th 258, 263-264 [retrial not barred under section 654 where jury acquitted on charged offense and deadlocked on lesser related offense].)  Had the prosecutor charged defendant with the lesser related offense in this case, the jury would have been instructed to render verdicts on both the greater and lesser charges.  Because the prosecutor did not do so, there is no unresolved or pending charge on which to remand this matter to the trial court.  (*Ibid*.)  Any new or subsequent trial in this matter would constitute a new prosecution of defendant based on the same evidence used to prosecute the original charge.  Such a prosecution would violate section 654, subdivision (a).  (See *Sanders v. Superior Court* (1999) 76 Cal.App.4th 609, 616.)

We conclude the prosecution, as a matter of law, failed to prove its case against defendant.  Under the circumstances of this case, retrial is prohibited.  We have no alternative but to reverse defendant's conviction with directions to the trial court to dismiss the charges.

## DISPOSITION

The judgment is reversed, and the matter is remanded to the trial court with directions to dismiss the charge and all enhancements based on insufficiency of the prosecution's evidence to prove the charged crime.

CERTIFIED FOR PUBLICATION

McKINSTER
                                    Acting P. J.

I concur:


CODRINGTON
            J.

11

RICHLI, J., Concurring and dissenting.

I concur with the majority's holding that, on the facts of this case, defendant's motor homes were not "structures" within the meaning of the arson statutes. I respectfully dissent, however, from the majority's conclusion that defendant is now entitled to a "get out of jail free" card.

I am willing to assume, without deciding, that we cannot simply reduce the offense from arson of an inhabited structure (Pen. Code, § 451, subd. (b)) to arson of property.[11] But even if so, defendant could lawfully be retried for arson of property.

Under Penal Code section 654, as construed in *Kellett v. Superior Court* (1966) 63 Cal.2d 822, all offenses arising out of a single act or course of conduct must be

---

[11] This proposition is by no means clear.

Arguably, arson of an inhabited structure and arson of property are simply different degrees of arson, a single statutory offense. That would make arson analogous to murder (see *People v. McKinzie* (2012) 54 Cal.4th 1302, 1354) and theft (see *People v. Ortega* (1993) 19 Cal.4th 686, 693-699). We have the power to reduce a conviction for a higher degree of an offense to a lesser degree. (Pen. Code, § 1181, subd. 6.) *People v. Capps* (1984) 159 Cal.App.3d 546 held that a court has this modification power even when the lesser degree of the offense has an element that the higher degree does not; specifically, it held that a court could modify a conviction from first degree murder to second degree murder, even though the jury may have relied on a felony murder theory and thus may never have made any finding of malice. (*Id.* at pp. 551-553.) Under this reasoning, we could reduce defendant's conviction from arson of an inhabited structure to arson of property, even though the latter has elements that the former does not.

I have some reservations, however, about whether *Capps* is still good law in the wake of *Apprendi v. New Jersey* (2000) 530 U.S. 466 and its progeny. Hence, I choose not to rely on it.

1

prosecuted in a single proceeding, if the prosecution is or should be aware of them. (*Id.* at p. 827.) "Failure to unite all such offenses will result in a bar to subsequent prosecution of any offense omitted if the initial proceedings culminate in either acquittal or conviction and sentence." (*Ibid.*, fn. omitted.)

The protection of *Kellett* has been held to apply, not only when the initial proceedings culminate in acquittal or conviction, but also when they culminate in a reversal on appeal based on insufficient evidence; in that event, too, the prosecution is barred from trying the defendant on new or different charges arising out of the same act or course of conduct. (*Sanders v. Superior Court* (1999) 76 Cal.App.4th 609, 616-617; *People v. Tatem* (1976) 62 Cal.App.3d 655, 658-659.)

Here, however, the prosecution did effectively charge defendant with arson of property, because the jury was instructed on this offense, and because defense counsel did not object. As the Supreme Court stated in *People v. Toro* (1989) 47 Cal.3d 966, disapproved on another ground by *People v. Guiuan* (1998) 18 Cal.4th 558, 568, fn. 3: "There is no difference in principle between adding a new offense at trial by amending the information and adding the same charge by verdict forms and jury instructions." (*Id.* at p. 976.) The defendant forfeits any lack of notice by failing to object. (*Id.* at p. 978.)

*Orlina v. Superior Court* (1999) 73 Cal.App.4th 258 is on point. There, the defendant was charged with assault on a child under eight, resulting in death. (Pen. Code, § 273ab.) At the defendant's request, the jury was also instructed on involuntary manslaughter (Pen. Code, § 192, subd. (b)) as a lesser related offense. The jury acquitted

2

the defendant on the greater but deadlocked on the lesser. (*Orlina*, *supra*, at p. 260.) The appellate court held that the defendant could be retried on the lesser: "By requesting the jury be instructed on the lesser offense, be it an included or related one, a defendant asks to be tried on a crime not charged in the accusatory pleading. By doing so, the defendant implicitly waives any objection based on lack of notice. . . . [A] defendant who requests the jury be instructed on an uncharged offense consents to be treated as if the offense had been charged." (*Id*. at pp. 263-264.)

The majority attempts to distinguish *Orlina* on the ground that here, the jury did not deadlock on the lesser; rather, it was instructed that, if it convicted defendant on the greater, it should not return a verdict on the lesser, and so it did not. However, this is a distinction without a difference. *Kellett* is the controlling authority, and under the rationale of *Kellett*, whether the jury deadlocked on the lesser is irrelevant. *Kellett* precludes a trial on an offense only when the prosecution has *failed to charge* that offense in a previous proceeding. Here, defendant *was charged* with arson of property. Moreover, because the jury never returned a verdict on the lesser (for whatever reason), this charge is still "unresolved" and "pending." (Cf. maj. opn. at p. 10.) Under these circumstances, *Kellett*'s concerns about "preventing harassment, . . . avoid[ing] needless repetition of evidence and sav[ing] the state and the defendant time and money" (*Kellett v. Superior Court*, *supra*, 63 Cal.2d at p. 826) simply are not implicated.

RICHLI _____

J.

3