Filed 10/29/25  P. v. Brown CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D084457 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. FVI700087) |
| KENNETH BROWN JR., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Bernardino County, John P. Vander Feer, Judge.  Affirmed.

Stephanie M. Adraktas, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Robin Urbanski, Seth M. Friedman, and Juliet W. Park, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

Kenneth Brown Jr. appeals an order denying his petition for resentencing under Penal Code[1] section 1172.6. Brown asserts his case should be remanded with instructions to issue an order to show cause and conduct an evidentiary hearing because he made a prima facie showing that he is entitled to resentencing. In Brown's view, he made this prima facie showing because the instructions in his case permitted convictions for second degree murder and assault on a child causing death based on imputed malice. We independently conclude Brown is ineligible for resentencing under section 1172.6 and affirm the trial court's order.

## FACTUAL AND PROCEDURAL BACKGROUND

In February 2007, Brown was responsible for caring for his infant daughter, Unique, while Unique's mother left for an errand.[2] When Unique's mother returned, Brown told her " '[s]omething bad happened.' " The mother found Unique face down on a bed, blue and lifeless. She drove Unique towards the hospital, meeting paramedics en route. Unique had no heartbeat or respiration. Despite life-saving measures by paramedics, Unique died at the hospital. The medical examiner determined the main cause of death was "blunt force injuries that caused a lacerated liver and in turn 'extensive intraabdominal hemorrhag[ing].' " The examiner ruled out a fall or "normal adult-infant interactions" as possible causes of the injuries.

---

[1]    Further undesignated statutory references are to the Penal Code.

[2]    Our summary of the background facts are derived from this court's unpublished opinion on Brown's direct appeal. (*People v. Brown* (Sept. 29, 2010, No. D056113) [nonpub. opn.].) We provide these facts for context only and do not rely on them. (See *People v. Clements* (2022) 75 Cal.App.5th 276, 292 [explaining courts may not rely on the factual summaries contained in prior appellate decisions when reviewing a § 1172.6 petition].)

Brown gave varying explanations for Unique's injuries—claiming at different times that she choked, fell from a swing and hit the railing and floor, or fell to the ground when he tossed her in the air.  At trial, he retracted those accounts and testified instead that while outside with Unique, a stranger punched him, causing both him and Unique to fall.  He surmised that Unique could have been hurt during this event because the stranger " 'was punching quite a while.' "

Brown faced one count of murder (§ 187, subd. (a)) and one count of assault on a child causing death (§ 273ab).

Importantly, the trial court did not instruct the jury on the felony murder rule, the natural and probable consequences doctrine, or culpability as an aider and abettor.  The court instructed the jury on the proof required for murder, with added language regarding a parent's legal duty to his or her child, as follows:

> To prove that [Brown] is guilty of [murder], the People must prove that:
>
> 1. [Brown] committed an act that caused the death of [Unique;]
>
> 2. When [Brown] acted, he had a state of mind called malice aforethought[;] [¶] AND
>
> 3. He killed without lawful excuse.
>
> [¶] . . . [¶]
>
> An act causes death if the death is the direct, natural, and probable consequence of the act and the death would not have happened without the act . . . .
>
> There may be more than one cause of death.  An act causes death only if it is a substantial factor in causing the death.  A *substantial factor* is more than a trivial or remote factor.

3

However, it does not need to be the only factor that causes the death.

A parent has a legal duty to help/care for his child.

If you conclude that [Brown] owed a duty to Unique, and [Brown] failed to perform that duty, his failure to act is the same as doing a negligent or injurious act.

The trial court also instructed the jury on the proof required for assault on a child causing death. But unlike murder, the jury was not required to find that Brown acted with malice aforethought to convict him of this crime.

A jury convicted Brown of both counts. The trial court sentenced him to 25 years to life for assault on a child causing death, and 15 years to life for second degree murder stayed pursuant to section 654.

On direct appeal, Brown challenged the sufficiency of the evidence, the admission of certain evidence, and the effectiveness of his counsel. This court affirmed the judgment in an unpublished opinion. (*People v. Brown*, *supra*, D056113.)

In 2023, Brown petitioned for resentencing under section 1172.6. After appointing counsel and reviewing the information, verdicts, and jury instructions at the prima facie hearing, the trial court denied relief.[3]

---

[3] The People requested the trial court take judicial notice of the preliminary hearing transcript, all trial exhibits, and the case file. The court does not appear to have ruled on the People's request. We also have not reviewed and do not consider these items.

4

DISCUSSION

I.

*Section 1172.6*

Murder is defined as "the unlawful killing of a human being, or a fetus, with malice aforethought." (§ 187.) Section 188 defines malice and section 189 defines the degrees of murder. (§§ 188, 189.)

Effective January 1, 2019, the Legislature enacted Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill No. 1437), amending sections 188 and 189, "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The amendments "significantly limited the scope of California's felony-murder rule and eliminated liability for murder under the natural and probable consequences doctrine." (*People v. Berry-Vierwinden* (2023) 97 Cal.App.5th 921, 930 (*Berry-Vierwinden*).) First, this was accomplished by amending section 189 to provide that "defendants who were neither actual killers nor acted with the intent to kill can be held liable for felony murder only if they were major participants in the underlying felony and acted with reckless indifference to human life." (*Berry-Vierwinden*, at p. 930 [cleaned up].) Second, section 188 was amended to add, "when the felony-murder rule does not apply, a principal in the crime of murder can only be convicted where he or she acted 'with malice aforethought,' and '[m]alice shall not be imputed to a person based solely on his or her participation in a crime.'" (*Ibid.*)

Senate Bill No. 1437 also created section 1172.6, which authorizes "defendants who could not have been convicted under current law to petition the sentencing court to vacate their murder conviction and resentence them

5

on any remaining counts." (*Berry-Vierwinden*, *supra*, 97 Cal.App.5th at pp. 930–931; see Stats. 2018, ch. 1015, § 4; Stats. 2021, ch. 551, § 2.) Section 1172.6 requires petitioners to declare they are eligible for relief. (§ 1172.6, subd. (b)(1).) If a petitioner files a facially valid petition with the required information, the trial court will appoint counsel, if requested; the parties may submit briefing; and the court will hold a hearing to determine if the petitioner has made a prima facie case for relief. (§ 1172.6, subds. (b)(3), (c).) The court may deny the petition if the record of conviction conclusively establishes the petitioner is ineligible for relief as a matter of law. (§ 1172.6, subd. (c); *People v. Lewis* (2021) 11 Cal.5th 952, 970–971.) "Otherwise, the court must issue an order to show cause and hold an evidentiary hearing . . . to determine whether to vacate the murder conviction, recall the sentence, and resentence the petitioner on any remaining counts." (*Berry-Vierwinden*, at p. 931.)

Effective January 1, 2022, the Legislature expanded eligibility for resentencing to include defendants convicted under any "other theory under which malice is imputed to a person based solely on that person's participation in a crime." (§ 1172.6, subd. (a); Stats. 2021, ch. 551, § 2.)

II.

*Brown's Eligibility for Relief*

Brown asserts the trial court erred by denying his section 1172.6 petition at the prima facie stage. He contends he is eligible for relief on both counts because the jury instructions permitted the jury to impute malice to him. "We independently review an order denying section 1172.6 relief at the prima facie stage." (*Berry-Vierwinden*, *supra*, 97 Cal.App.5th at p. 930.) Doing so, we find no error.

6

A.    *Conviction for Assault on a Child Causing Death*

Brown cannot obtain relief under section 1172.6 for his section 273ab conviction, assault on a child causing death, because section 1172.6 does not apply to this offense.  Section 1172.6 applies to convictions for "murder, attempted murder, or manslaughter," and guilty pleas accepted in lieu of a trial for murder or attempted murder, where malice could have been imputed to the petitioner under the law at the time but because of the changes to sections 188 and 189, the petitioner could not be convicted today.  (§ 1172.6, subd. (a).)  Brown's conviction for assault on a child causing death is not the result of a guilty plea accepted in lieu of a trial for murder or attempted murder, and it is not a conviction for murder, attempted murder, or manslaughter.  Under the plain language of section 1172.6, he is not eligible for relief for this offense.

Brown asserts, however, he is eligible for relief on this offense because section 273ab prohibits a form of murder, and its elements are "indistinguishable from those required for implied malice murder."  We disagree.

Brown relies on *People v. Preller* (1997) 54 Cal.App.4th 93, 97, which characterized section 273ab as a "murder statute."  But subsequent cases explain section 273ab is not a murder statute.  (*People v. Norman* (2003) 109 Cal.App.4th 221, 227 [explaining *Preller* was imprecise, and § 273ab "is not a murder statute; it is an assault statute"]; *People v. Malfavon* (2002) 102 Cal.App.4th 727, 740 [detailing "*Preller's* dictum characterizing section 273ab as a murder statute was firmly rejected"].)  And contrary to Brown's argument, section 273ab's elements are distinguishable from the elements of murder committed with implied malice because unlike murder, section 273ab does not require proof of malice aforethought.  (*People v. Albritton* (1998) 67

7

Cal.App.4th 647, 656 [finding "section 273ab does not entail an essential element for murder, namely, malice aforethought"]; compare § 187 with § 273ab.)

We conclude Brown is conclusively ineligible for relief on his conviction for section 273ab under section 1172.6.

B.    *Conviction for Second Degree Murder*

Brown argues he made a prima facie showing that he is eligible for relief on the murder count because the jury instructions allowed the jury to impute malice to him based on the acts of another person. Specifically, he contends the trial court's instruction on a parent's legal duty to their child permitted the acts and malice of another person to be imputed to Brown if Brown owed a duty to Unique and failed to prevent the acts from occurring. He asserts this instruction removed any "requirement that [Brown] personally commit the act that caused [Unique's] death," and likewise any "requirement that he personally knew of the danger at the time the act occurred."[4] We, again, disagree.

Nothing in the jury instructions permitted the jury to convict Brown based on the acts or mental state of another person. The instructions permitted the jury to find Brown's act was his failure to perform his legal duty to help or care for Unique. But if the jury determined this was the act he committed, the jury still had to find *his* act caused Unique's death: "To prove that [Brown] is guilty of [murder], the People must prove that: . . . [Brown] committed an act that caused the death of [Unique]." The jury did not have to determine Brown's act was the only cause of her death, but it did have to find her death would not have happened without the act and that

---

[4]    Brown has not claimed this instruction lessened the burden of proof, and that issue is not encompassed within our section 1172.6 review.

8

it was a substantial factor in causing her death. (See *People v. Garcia* (2022) 82 Cal.App.5th 956, 963–964.) Therefore, even if another person injured Unique, the jury could not have convicted Brown based on that other person's action. To convict Brown, the jury had to find that his own action (or inaction) was a substantial factor in causing her death. Thus, we are not persuaded the instructions permitted the jury to attribute the acts of another person to Brown, or that they allowed the malice of another person to be imputed to him.

Nothing in the language of the instruction can reasonably be construed to permit imputing malice to Brown. The trial court did not instruct the jury regarding the felony murder rule, the natural and probable consequences doctrine, or culpability as an aider and abettor. Instead, the jury had to find "[w]hen [Brown] acted, *he* had a state of mind called malice aforethought." (Italics added.) Therefore, even if the jury determined it was Brown's failure to act that caused Unique's death, the jury still had to find he failed to act with malice aforethought. Meaning, the jury had to find he failed to act intending to kill her (i.e., with express malice), or that he failed to act intentionally, knowing his failure was dangerous to human life, and deliberately failed to act with conscious disregard for human life (i.e., with implied malice). Accordingly, the instructions cannot reasonably be construed to have allowed the jury to impute another person's malice to Brown. They instead establish that Brown is ineligible for relief as a matter of law as to the murder count, too.

9

## DISPOSITION

The order is affirmed.

DO, J.

WE CONCUR:

IRION, Acting P. J.

DATO, J.